UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JERRY L. HIGH**     BOP #85063-071 | : | **CIVIL ACTION NO. 14-cv-3075**     **SECTION P** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **C. MAIORANA** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner Jerry L. High (hereinafter "High"), an inmate in custody of the Federal Bureau of Prisons. He is currently incarcerated at the Federal Correctional Institute in Manchester, Kentucky; However, at the time of filing, he was incarcerated at the Federal Correctional Institute in Oakdale, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

I.
BACKGROUND

High claims that he is entitled to credit against his federal sentence for time served in North Carolina state or county jails from January 26, 1986, through July 1, 1991. Doc. 1, p. 4. He argues that he is entitled to the credit even if he was given credit on his non-federal sentence and "even if it results in double count credits." Doc. 1, atts. 1, 6.

## II.
### LAW AND ANALYSIS

### A.  *Proper Remedy*

A federal prisoner may challenge the manner in which his sentence is being executed by filing a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 in the judicial district where he is incarcerated. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001) and *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (explaining that the function of *habeas corpus* is to secure immediate or speedier release from unlawful imprisonment). However, in order to state a claim for relief pursuant to 28 U.S.C. § 2241, a *habeas corpus* petitioner must allege and establish that he is in custody in violation of the Constitution and laws of the United States.

### B.  *Applicable Statute*

High's argument that he is entitled to credit against his federal sentence for the time spent in state custody relies on 18 U.S.C. § 3585.  That statute is entitled "Calculation of a term of imprisonment," and it provides in pertinent part:

> **(b) Credit for prior custody.--**A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> > **(1)** as a result of the offense for which the sentence was imposed; or
> >
> > **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added).

Under the plain language of the above cited statute, High cannot obtain credit against his federal sentence for time served in state custody if that time has already been credited to another sentence.  By enacting 28 U.S.C. § 3585(b), Congress made it clear that a defendant cannot receive double credit for his detention in those circumstances. *United States v. Wilson*, 503 U.S. 329, 337

(1992). Here, the documents produced by High show that the prior custody credit he seeks was applied to another term of imprisonment. Doc. 1, att. 1, p. 7. Thus, he has not shown that his detention is in violation of the Constitution and laws of the United States and his claims should therefore be dismissed.

### III.
#### CONCLUSION

Accordingly, **IT IS RECOMMENDED** that High's Application for Writ of *Habeas Corpus* under 28 U.S.C. § 2241 be **DENIED** and **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.

A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 9th day of September, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE